20-12609 and 20-12773 United States v. Benjamin Smith Council for the appellant you may begin when you're ready. Good morning and may it please the court. This court should vacate Mr. Smith's sentence and remand for him to be re-sentenced without the ACCA enhancement. There are three crimes that are in dispute. We recognize that this court is bound by its decision in Brown as to the obstruction offenses. So that leaves three possibilities. Aggravated assault, aggravated assault with intent to rob, and criminal attempt to commit armed robbery. As to the aggravated assault conviction, that is no longer a violent felony after the Supreme Court's decision in Borden and this court's decisions in Moss and Carter. Turning to the aggravated assault with intent to rob conviction, those same cases compel the same conclusion. The specific intent to rob that's required does not change the outcome and that's for two reasons. First is that you can still commit the crime with an underlying assault based on recklessness. And the second is that, and the Supreme Court in Borden and as this court has addressed in Moss and Carter, have said that a mens rea of recklessness cannot justify a violent felony. And second, a robbery under Georgia law can be committed via sudden snatching under OCGA 16840A3. And because that does not have as an element the use, attempted use, or threatened use of force, that does not meet the standard for a violent felony. As an example, if someone is, for example, in a grocery store and they have a phone sitting in their cart and someone comes to, starts running at them, but their only intent is to grab the phone, that's an intent to rob. And because they may, the person may see them running at them, that would, that would consult the underlying assault and that would be based on a mens rea of recklessness. So that is aggravated assault with intent to rob, we believe also does not qualify as a violent felony under the ACCA. So then that leaves us with criminal attempt to commit armed robbery. I'm going to address, I'm going to address the armed robbery aspect of that first, before turning to the criminal attempt aspect of it. Again, under the ACCA, the crime must have as an element the use, attempted use, or threatened use of physical force against the person of another, and that's in the statute. And I will note that that is different from the definition of crime of violence under 924C, which is in the same statute. And that elements clause specifically includes physical force against the person or property of another, which is not what we have in the ACCA elements clause. But what about the fact that Georgia courts have interpreted Georgia's armed robbery statute as requiring the use of a weapon, that the use of a weapon induced the victim to relinquish his property and that the taking be effectuated with force used against the person of another. And we've got the State v. Epps case from the Georgia Supreme Court. We've got more v. State from the Georgia Supreme Court. So why haven't the Georgia courts interpretation established this for ACCA purposes? Because there, because Your Honor, there are other Georgia cases that make it clear that the threat of force does not have to be against the person of another. And so specifically, we cited two cases in the 28J letter that we submitted last week. There's the Green decision from the Georgia Supreme Court in 2018 and other decisions that it cited, Maddox and another one named Lucky. And they say that armed robbery can be committed by exerting force against property. They say specifically against the person, property, or character of another person. And because the threat, the Georgia's own state courts, which this court is required to adhere to and required to defer to their interpretation of the statute, those cases saying that the threat can be against property preclude this court from finding that it's a violent felony under the ACCA. Specifically, I don't think that the government has indicated in its response to the 28J letter that we have to provide specific cases where that has happened. I'll note that we have provided cases where the Georgia Supreme Court says exactly that it can be committed against property, that the threat can go against property and not people. In all the cases you've submitted, though, counsel, those weren't the facts. That's right, Your Honor. We don't dispute those. So that's dicta as opposed to any kind of holding, correct? I think it's pretty clear that, and it's a repeated holding that has come throughout the Georgia cases. No, no, no, no, wait, wait, wait, wait. If it's dicta instead of holding, it's not a repeated holding. That wasn't essential to any of the decisions you've cited, was it? I think that it's a critical piece of interpreting the statute that this court is bound to. But not a holding, correct? I think that it's a holding, Your Honor, but I understand the court's position. Just because you wish it to be doesn't make it to be. You know what a holding is, it's something that's essential to the result. And it was not essential to the result in any of the cases you've cited, was it? I don't believe so, but I think... Wasn't that the point, more or less, of Judge Zipar's decision in Porter? I'm sorry, Your Honor? Oh, in Porter. Judge Zipar's decision for the Sixth Circuit in Porter, which had a Sixth Circuit case that was relied upon and depended upon a Georgia conviction for the same crime. And the same argument you were making was made to the Sixth Circuit. And Judge Zipar said there is that language, but no one has ever been able to find a case in which any court in Georgia has actually held that and rejected or convicted somebody based on that theory. Yes, Your Honor. I think I would point to this court's decision in Eason, 953 F. 3rd. 1184, because that case says that when the statute is not limited to, or if the statute is broader and includes, for example, threat to a property in addition to a threat to a person, then you do not have to provide examples. It's only if you're trying to prove an exception to the rule. And nothing in the statute, if you look at the armed robbery statute, it only requires that the person with intent to commit theft take property of another from the person or immediate presence of another by use of an offensive weapon. When the Supreme Court in Luckey, which is 286 Georgia 478, listed the elements of armed robbery, it said that the elements were intent to rob, the use of an offensive weapon, and the taking of property from the person or presence of another. That doesn't incorporate a force requirement, and therefore under this court's decision in Eason we're not required to point to an example because the statute itself allows for force that goes beyond force directed at the person, at another person. But Eason was a Hobbs Act robbery case. It was. Hobbs Act robbery on its face applies to threats to property, not the person. Yes. Unlike the Georgia statute. You're right, Your Honor, that the statute does not say you can use an offensive weapon against a property, but it also doesn't say it has to be against a person. It says the use of an offensive weapon. So any use of an offensive weapon is sufficient under the Georgia statute, just looking at the language of the statute. And because that is not enough under 924E2B1, the elements clause of the ACCA, to be a violent felony, this court cannot hold that armed robbery in Georgia is a violent felony for those purposes. And I would just like to turn briefly to the criminal attempt aspect. Under Georgia law, unlike in the St. Hubert decision where we were dealing with attempted Hobbs Act robbery, criminal attempt in Georgia is a separate and distinct crime that carries only half of the sentence or half of the potential sentence as the substantive crime. I think that distinguishes it from the St. Hubert decision. Is there any precedent to support that argument? I saw that argument in your brief. It's in the statute, Your Honor, that the penalties are half of the substantive penalties. But I mean cases with regard to why that makes a difference. Well, I think that this Court's decision in St. Hubert sort of implied that because it was the same statute and had the same penalties, that attempt was just as serious and just as harmful as substantive or completed crimes. And because Georgia has determined that attempt crimes can only be sentenced to half of the time, I think that's a pretty strong argument that Georgia has determined something separate or something different. And I think when we look to the actual cases of criminal attempt to commit armed robbery, the ones in the brief, New, Jackson, Keener, then that also supports our argument that it does not have as an element the use of attempted use or threatened use. Let me ask you a question. So in applying the ACCA and the violent crime whole category cases, we look to see how severe the punishment is in the state. That's a new threshold that the government must meet to show that the state thinks it's as serious as other crimes? No, Your Honor, and I'm sorry, I did not mean to imply that. I just was, in reading the St. Hubert decision, it just held, it emphasized that as a reason why attempt crimes in the federal context or attempted Hobbs Act robbery was sufficient. And I'm just making the point that in Georgia, that's not the case and it's not true. But I'm sure you wouldn't make the point unless that's something you want us to do henceforth. I mean, it's an interesting observation, but so what? I think it's a distinguishing factor from the crime that was before the court in St. Hubert, Your Honor. Well, the first letter of the last name of the defendants were different too, but that doesn't necessarily mean it plays into the reasoning of the law that underlies the decision. I understand, Your Honor. I think there are numerous reasons. That was just sort of one of them. I understand that I'm over time. I actually have one more question for you before you sit down. So in a case called Mullis v. State, the Georgia Court of Appeals said when they arise out of the same transaction, the crimes of attempt to commit armed robbery and aggravated assault with intent to rob merge. Are we bound to apply that decision of state law? And where I'm going with this is, does that mean that if one of the predicate offenses at issue is a violent felony, then the other one necessarily is and vice versa if they're not? I think that the merger test in state court has a specific analysis. And off the top of my head, I can't answer whether or not that means that if one is a violent crime, then the other one has to. I don't think that that is true, Your Honor. But I'm happy to submit a 28-J letter to address that if the court would like. Thank you. Mr. Mendel. Yes, Your Honor. Good morning. May it please the Court. Gabriel Mendel for the United States. Mr. Smith was properly sentenced as an armed career criminal. He had two prior convictions for felony obstruction from 2010 and 2013. And so he is properly sentenced as long as one of his other two convictions at issue today qualify under the elements clause. I'm going to discuss aggravated assault with intent to rob and the attempted armed robbery. I agree with my counsel that the aggravated assault from 1998 no longer qualifies. So starting with the aggravated assault with intent to rob, it's important to recognize that Moss and Carter do not control here. Because what this court recognized in Moss is that Georgia's aggravated assault statute is divisible. That it has different aggravating elements. And the court in Moss limited its holding explicitly to one variation of the crime. And the variation at issue there was a reasonable apprehension simple assault paired with the use of offensive weapon aggravator. And the problem was that the mens rea for the reasonable apprehension simple assault is recklessness. And the use of an offensive weapon aggravator has no additional mens rea. And so the crime as a whole can be committed recklessly and fails to satisfy the standard that the Supreme Court set forth in Borden. But the crime at issue here is a different aggravator. It is an assault with the intent to murder, rape, or rob. And the Georgia Supreme Court tells us that is a specific intent crime. It's just like it sounds. An intentional assault with the purpose of murdering or raping or robbing the victim. So we have sufficient force for Curtis Johnson because the assault is either the attempt or threat of a violent injury. And we have the sufficient mens rea for Borden because the assault itself has to be intentional. The assault is the only actus reus of this crime. And so when the Georgia Supreme Court tells us it's a specific intent crime, that actus reus must be done intentionally. You don't just have to look at the language of the statute, though, because the Supreme Court of Georgia has already answered this question for us. In Patterson v. State, which is the same case that this court relied on in Moss, the Supreme Court of Georgia found that the reasonable apprehension simple assault required only recklessness. And it did so by a textual analysis where it contrasted the text of that statute with the statute at issue here. And what the Supreme Court of Georgia said was that the simple assault by reasonable apprehension is only a reckless crime. And we know that because, quote, the General Assembly certainly knew how to phrase a statute to include a requirement that an act must be made with a specific intent, as can be seen in the requirement of the simultaneously enacted. There's the code citation requiring that an aggravated assault under that provision be done with the intent to murder, rape or to rob. So when you think of the hypothetical that my colleague has given you, where there's someone who has only the intent to commit a robbery by sudden snatching, to grab the cell phone and run away, if they only intend to rob by sudden snatching, then they do not intend to assault their victim. If they do not intend to assault their victim, they are not guilty of this crime. And there's a reason why my colleague has offered you only a hypothetical. And that's an important distinction because the Supreme Court and this court have told us that when you're doing the least criminalized conduct aspect of the categorical approach, you don't deal in the realm of legal imagination. The defendant has to show a realistic probability that the conduct he describes is criminalized by that statute. And he has to do so by coming to this court with a case or multiple cases that show the state employing the statute in the manner in which he describes. Mr. Smith has failed to do so with aggravated assault with intent to rob. And he's failed to do so because his hypothetical doesn't fit the facts or, excuse me, doesn't fit the elements of the crime. But even if we conceded that there was some imaginary scenario where that could happen, that's not enough. And so aggravated assault with an intent to rob has sufficient force. It has the requisite mens rea. It qualifies as an elements-clause violent felony. So I'll turn to Georgia's armed robbery statute. There are two elements of Georgia armed robbery that qualify under the elements clause. The first is the use of an offensive weapon, which is an object which is likely to or appears likely to cause death or serious bodily injury. So we know every single Georgia armed robbery, the defendant has taken the property from his victim by putting them in fear of violent force or used violent force. There is no way under Georgia's statute for that use of an offensive weapon to be done any way other than threatening force to the victim. So it's unlike, for example, the Massachusetts and Alabama statutes in the cases that my colleague relied on where the crimes would be committed through mere possession of a weapon. Here the weapon has to be used. And the fact that the weapon has to be used against the person of another is shown throughout the case law. And I'll respond here to this 20HA letter. You'll note in our response that we view this argument as having been abandoned. It was not raised in the briefs. The court shouldn't reach it. But I'll respond anyway, because the argument is without merit. What defendant has cited is some boilerplate language that's traced back 170 years to a Georgia Supreme Court case called Long v. State from 1852. And every so often this language is quoted in various cases. But it is, just as Judge Carnes has indicated, pure dicta. Because in none of those cases in the history of Georgia's prosecutions of armed robbery has a defendant ever been convicted where he used the weapon solely to threaten property or character. And if we can stop for a moment and just recognize how absurd that notion is, how would one use an offensive weapon to threaten injury to another person's character? And so even if we can imagine it, I don't think we can, but even if we can imagine it, we're right back in that realm of legal imagination, of hypothetical possibilities. And that's why the courts require the defendant to come forward. And, Judge Pryor, you identified exactly the reason why Eason is distinguished. Because what Eason said was, yeah, that's normally the requirement, but there's an exception. If the statutory language itself sweeps broader than the generic definition or the definition of a violent felony, then we don't have to look at the cases. Because this court cannot construe a statute narrower than the plain language. But Eason also said, if the language of the statute itself, not the language of some court decision, the language of the statute itself, if it does not sweep broader, then the defendant has to come to this court with a case that shows this statute is applied by this state in the way in which he argues he failed to do so. And finally, I'll turn to attempt. The attempt arguments that Mr. Smith puts forward in his brief have been heard repeatedly by this court and rejected. They were rejected in St. Hubert. They were rejected in Hyler v. United States, where this court applied St. Hubert to Florida attempt crimes. They were rejected in United States v. Harris, where this court applied St. Hubert and Hyler to Alabama attempt crimes. The Supreme Court currently has before it United States v. Taylor, which raises the issue of whether attempted Hobbs Act robbery is a crime of violence. Should we await that decision before deciding, at least with respect to attempted armed robbery? Your Honor, I was thinking about that. It was argued in December. Presumably we'll have a decision by June. If the court is inclined to wait, it could. But I would suggest it's not necessary, if only because we don't actually need the attempted armed robbery. This case can be disposed of on the aggravated assault with intent to rob. So to the extent that it wouldn't give Mr. Smith any relief, even if this court waited, I would submit that the court should just follow the current binding precedent that it has on its books. I'm not sure I understood the idea that because Georgia attempt crimes can be sentenced to a lower maximum sentence, why that would make a difference. What matters, as the court in St. Hubert held, is that an attempt crime requires the specific intent to commit the underlying offense. And what St. Hubert, the court held, was that the intent to commit every element of the crime equals an attempt to commit every element of a crime. And that's just as true of Georgia attempt law. It requires a specific intent to commit the crime.  And under this court's precedent, it doesn't matter that the substantiate step itself might not be violent. As this court held in St. Hubert and in Hiler, in the concurrence to Hiler, which essentially agreed with the arguments that Mr. Smith puts forward, but recognized that in this circuit, St. Hubert controls and that the necessary reasoning of it is, quote, an attempted elements clause offense is always itself an elements clause offense. For those reasons, Georgia's attempted armed robbery statute is also a violent felony under the ACCA. I thank the panel for its time. Thank you. As to the aggravated assault with intent to rob, I think the government is conflating the intent to assault with the intent to rob. So, yes, under Georgia law, the aggravated assault with intent to rob has a specific intent requirement that the person intended to rob the person. But that does not mean that they had a specific intent to commit assault in a way that was not reckless. And so the government's argument, I think, just is not, sort of misses the point that the aggravated assault, or the simple assault that underlies aggravated assault with intent to rob can still be committed via recklessness. The government also does not address that the intent to rob can be committed by sudden snatching. Turning to the armed robbery issue, I think that there's, you know, my colleague indicated that there is no way to use an offensive weapon to threaten someone's character. But I think it's very clear that there are ways to use a weapon to threaten someone's property. For example, if I'm walking my dog and I have a phone in my head, someone comes up and says, I'm going to shoot your dog unless you give me the phone. That's threatening my property. That's an armed robbery. And I think that pretty clearly fits under the definition. Or, for example, if someone, if I'm standing next to my car, someone comes up to me with a baseball bat and says, give me the keys to your car. I'm going to bash the windows in on your car. That's an armed robbery because the baseball bat under Georgia law would be an offensive weapon. And that's threatening violence against the property to take something from me. So I think both of those examples are not far-fetched. They're not hard to imagine. They're not difficult to imagine. And so they're not in the realm of lingual imagination. Those are the points that I'd like to address. So unless the Court has additional questions, thank you for your time. Thank you, Counsel. And I note that you were court-appointed, and the Court thanks you for your service to your client and to the Court. Thank you.